IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSEPH MIGUEL VALDEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SALT LAKE CITY POLICE DEPT, et al.,<br><br>　　　　Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:15-cv-00275-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

## I.　　BACKGROUND

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 21). On May 1, 2015, *pro se* Plaintiff Joseph Miguel Valdez (Plaintiff) filed his Complaint against Defendants Salt Lake City Police Department, Officer Hopkins, and Officer Jeppsen (Defendants) (ECF 3). On December 9, 2015, Plaintiff filed a request for a hearing (ECF 9), which was denied (ECF 11). For nearly five years, Plaintiff did not make any filings or take any action in this matter other than to pay a partial filing fee.

On May 28, 2020, the court issued an Order to Show Cause directing Plaintiff to inform the court of the status of the case and intentions to proceed (ECF 17). Plaintiff timely responded and requested the assistance of counsel (ECF 18; ECF 19). On January 20, 2021, the court issued an Order denying Plaintiff's request for counsel and directing Plaintiff to file an amended complaint (ECF 23). After being granted a 60-day extension of time (ECF 25), Plaintiff timely filed his Amended Complaint (ECF 26) and a second request for counsel (ECF 27), which was denied (ECF 28).

On November 4, 2021, the court issued an Order directing Plaintiff to submit the

names and addresses of the defendants for service of process by November 19, 2021 and warned Plaintiff that failure to timely respond may result in dismissal of this action (ECF 30). On November 18, 2021, Plaintiff filed a notice of change of address (ECF 31), but he did not submit the information required in the November 4, 2021 Order.  On December 7, 2021, the court issued another Order to Show Cause directing Plaintiff to respond in writing by December 21, 2021 as to why this case should not be dismissed for failure to comply with a court order and for failure to prosecute (ECF 32).  The court again warned Plaintiff that failure to file a timely response may result in dismissal (*Id.*).  As of the date of this Report and Recommendation, Plaintiff has not responded to the November 4, 2021 Order or the December 7, 2021 Order to Show Cause.

## II.   DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."  Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute).  This court may dismiss actions *sua sponte* for failure to prosecute.  See *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").  In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4)

      whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

      Here, all factors weigh in favor of dismissal. Plaintiff failed to file a response to both the November 4, 2021 Order and the December 7, 2021 Order to Show Cause despite repeated warnings from the court that this case could be dismissed for failure to timely respond. Plaintiff's failure to move this matter along interferes with the judicial process, and his culpability in failing to prosecute this matter is high considering that this case has been pending for nearly seven years, and Plaintiff has been given multiple opportunities to explain and remedy this failure. There appears to be no effective lesser sanction, and there would be little to no actual prejudice to Defendants where they have not yet been served. In consideration of these factors and given that Plaintiff's failure to prosecute is coupled with a failure to abide by the orders of this court, the court finds that the circumstances in this case warrant dismissal.

## RECOMMENDATION

      Based on Plaintiff's failure to prosecute this case, the court **RECOMMENDS** that the district judge **DISMISS** this case without prejudice.

## NOTICE

      Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 7 January 2022.

                                              _____
                                              Magistrate Judge Cecilia M. Romero
                                              United States District Court for the District of Utah